IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-310-GMS |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION ON GROUNDS OF MOOTNESS TO TEVA'S MOTION
TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) MERCK'S COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff Merck & Co., Inc. ("Merck") opposes on grounds of mootness the motion filed by Defendant Teva Pharmaceuticals USA, Inc. ("Teva") (D.I. 6) seeking to dismiss Merck's original complaint in this action in which Merck seeks to set aside, under Fed. R. Civ. P. 60(b), a judgment that Teva fraudulently obtained in an earlier action in this Court.  Merck's original complaint in the present action has been superseded by Merck's First Amended Complaint (D.I. 9).  The amended complaint is now the operative pleading and, accordingly, Teva's motion to dismiss Merck's original complaint is moot and should be denied.

Merck also notes that, because Teva's motion to dismiss relied on material outside the complaint (to argue that its conduct was not fraudulent), Teva's motion is treated under the federal rules as a motion for summary judgment.  Under the Court's directive regarding the filing of summary judgment motions prior to the time of the Rule 16 conference, Teva should have followed the Court's procedure and sought permission to file its motion.  Teva did not do so.  That failure to seek and obtain Court permission to file at this time a motion for summary judgment, particularly one raising obviously fact-driven issues and before any discovery, would provide an independent reason to deny Teva's motion, if it were not moot.

## ARGUMENT

Merck brought this action on May 10, 2006.  Teva filed its motion to dismiss on May 31, 2006, but has not answered Merck's complaint.  Meanwhile, Merck continued its investigation into Teva's wrongdoing, and discovered additional facts that further support Merck's claims for relief in this matter.  To include this additional information, Merck filed a First Amended Complaint on June 9, 2006.[1]

Because Teva has not answered the original complaint, Merck's amended complaint was filed as a matter of right under Fed. R. Civ. P. 15(a), which provides that "A party may amend the party's pleading once as a matter of course before a responsive pleading is served. . . ."  Teva's motion to dismiss Merck's complaint does not constitute a responsive pleading for purposes of Rule 15(a), as "it has long been the rule of this circuit that a motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15(a)."  *Kelly v. Delaware River Land Commission*, 187 F.2d 93 (3d Cir.), *cert. denied*, 342 U.S. 812 (1951).  Thus, Merck's amended complaint is now the controlling pleading.

Because the original complaint was, in a sense, "amended out of existence," Teva's motion to dismiss the original complaint is moot.  *Thomas v. Southeastern Pennsylvania Transp. Authority*, 1989 U.S. Dist. LEXIS 1400 *3-4 (E.D. Penn., Feb. 9, 1989).  Teva's motion, therefore, should be denied motion as moot.  *See, e.g.*, *Airport Investors Limited Partnership, Inc. v. Neatrour*, 2004 U.S. Dist. LEXIS 1391 *3 (D. Del., Feb. 3, 2004) (denying as moot motion to dismiss original complaint because complaint was amended subsequent to filing of motion to dismiss).

---

[1]    Merck notes also that the amended pleading expands upon its original allegations and negates the purported basis underlying Teva's challenge, which in any event lacked merit.

Merck further notes that, although Teva's motion purported to be a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it relied upon evidence outside of the pleadings.[2] Therefore, Teva's motion is treated by the federal rules as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b)(6) (if matters outside the pleading are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"); *see also JM Mechanical Corp. v. U.S.*, 716 F.2d 190, 197 (1983) (vacating judgment and remanding where court considered matters outside the pleadings without first converting motion to dismiss to Rule 56 motion).

In seeking summary judgment prior to the Rule 16(b) conference, Teva should have followed the Court's directive regarding the filing of early summary judgment motions:

> No party shall be permitted to file any motion for summary judgment prior to the commencement of the 16.2(b) Scheduling Conference. If the parties anticipate the need to file a motion for summary judgment prior to the 16.2(b) conference, a party must seek leave of court by filing a letter, exclusive of exhibits, of no more than three (3) pages. The responding party shall file within

---

[2]   Teva's brief includes its responses to Merck's requests for production of documents, which stated various objections (Exhibit A to D.I. 7). That document was not part of Merck's complaint. Teva's brief also proceeds to argue that Merck's complaint should be dismissed based: on the fact of Teva's assertion of its objections in that document; on Teva's alleged interpretation of the scope and implications of its objections; on its unsupported assertions that the withheld documents allegedly come within the scope of its objections; and on its unsupported assertion of Merck's alleged acquiescence in Teva's objections (D.I. 7, p. 14).

That asserted defense to Merck's complaint clearly presents matters that are outside the pleading of the complaint and that go to fact issues about Teva's fraud that should be the subject of discovery. For example, one interpretation of Teva's brief that should be explored in discovery is that Teva was deliberately and secretly relying on its asserted objections as a (hidden) shield to protect the withheld documents when Teva represented that it had "conducted a diligent search for documents responsive to Merck's document requests for all persons involved at Teva with the development of Teva's weekly alendronate sodium" and "we have now complied with your requests [so that] we expect Merck will withdraw its motion to compel today."

> five (5) days from date of service an answering letter of no more
> than three (3) pages.  The party seeking to file the summary
> judgment motion may then file a reply letter of no more than two
> (2) pages within three days from date of service of the answering
> letter.

*See* Court's Summary Judgment Practice under "General Information" on its website.  Teva's

failure to follow the Court's directive is further reason to deny the motion.  The Court's

procedure is particularly apt here, where Teva's motion raises issues going to fraud, which is the

kind of issue typically resolved only after discovery and which is rarely amenable to summary

judgment even after discovery.

## <u>CONCLUSION</u>

For the foregoing reasons, Merck asks that this Court deny as moot Teva's pending motion to dismiss, which moreover was improperly filed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

_____
Mary B. Graham (# 2256)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Merck & Co., Inc.*

OF COUNSEL:

John F. Lynch
HOWREY, LLP
750 Bering Drive
Houston, TX  77057-2198
713.787.1400

Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
WEIL, GOTSHAL & MANGES
700 Louisiana, Suite 1600
Houston, TX  77002
713.546.5000

Paul D. Matukaitis
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ  08889-0100
908.423.1000

Edward W. Murray
Gerard M. Devlin
MERCK & CO., INC.
126 E. Lincoln Avenue RY28-320
Rahway, NJ  07065-0907
732.594.4000

Dated:  June 12, 2006
524209

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Josy Ingersoll, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 12, 2006 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Josy Ingersoll, Esquire
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY E-MAIL**

James Galbraith, Esquire
KENYON & KENYON
One Broadway
New York, NY 10004

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)